IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Oct 31, 2023
Lucy H. Carrillo, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN SCOTT RUDO,<br><br>Defendant. | CR. NO. 22-00055 JAO<br><br>FINDINGS AND RECOMMENDATION TO GRANT GOVERNMENT'S MOTION FOR INTERLOCUTORY SALE OF REAL PROPERTY SUBJECT TO FORFEITURE |

**FINDINGS AND RECOMMENDATION TO GRANT GOVERNMENT'S MOTION FOR INTERLOCUTORY SALE OF REAL PROPERTY SUBJECT TO FORFEITURE**

The United States of America ("Government") filed a *Motion for Interlocutory Sale of Real Property Subject to Forfeiture* ("Motion") on September 26, 2023. ECF No. 43. Pursuant to Rule G of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Rule 32.2 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), the Government seeks an order authorizing the interlocutory sale of two parcels of real property:

a. That certain real property known as Lot 16-B of the Kealakehe Homesteads, being a portion of Grant 6273 to A. Napuupahee, titled in the name of West View Developments, LLC and designated as TMK (3) 7-4-004-092, together with all appurtenances and improvements ("Lot 16-B"); and

      b. That certain real property known as Lot 16-C of the Kealakehe Homesteads, being a portion of Grant 6273 to A. Napuupahee, titled in the name of West View Developments, LLC and designated as TMK (3) 7-4-004-014, together with all appurtenances and improvements ("Lot 16-C")

(collectively "Subject Properties").  ECF No. 43-1 at PageID.356.

      The Court elects to decide the *Motion* without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  *See* CrimLR12.3.  After careful consideration of the *Motion*, records in this case and applicable law, the Court **RECOMMENDS** that the district court **GRANT** the *Motion*.

      On July 11, 2022, an *Information* was filed against Defendant Alan Scott Rudo ("Defendant") with the charge of conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 1349.  ECF No. 1.  The *Information* provided notice that because the Subject Properties were derived from proceeds traceable to the charged offense, the Subject Properties were subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  *Id*. at PageID.15.  The Government "filed [*Notices of Pendency of Action*] as to the Subject Propert[ies] (ECF Nos. 4 & 5) and recorded them in the Bureau of Conveyances of the State of Hawaii."  ECF No. 43-1 at PageID.358.

      Defendant pled guilty to the Information on July 18, 2022 and "admitted that he and his co-conspirators formed a company to purchase real property[,]

including" the Subject Properties "in exchange for a nominal amount of money and 46 affordable housing credits ("AHCs"), [with] AHCs the company did not possess." *Id*. Defendant also entered into an agreement with the County of Hawaii ("County") to "develop 52 affordable housing units on the real property, and in exchange was granted 104 AHCs[.]" *Id*. "Further, in the Plea Agreement, [Defendant] consented to the forfeiture of all his right, title, and interest in the Subject [Properties]." *Id*. (citation omitted).

The Court issued an *Order of Forfeiture* (Money Judgment) *and Preliminary Order of Forfeiture* (Specific Property) on August 5, 2022, which forfeited Defendant's interest in the Subject Properties. ECF No. 17. All parties with a potential interest in the Subject Properties were noticed by the government. ECF No. 43-1 at PageID.359. Only Honua'ula LLC ("Holuna'ula") and the County filed timely petitions contesting the forfeiture. ECF Nos. 20 & 22. The petition of the County is still pending, but the County supports the interlocutory sale of the Subject Properties. ECF No. 43-1 at PageID.360. The Government states that "[a]ny forfeiture cannot become final until the later of the resolution of all third-party petitions or the sentencing of [Defendant], which is currently set for January 10, 2024." *Id*. at 360 (citation omitted).

Under Fed. R. Crim P. 32.2(b)(7):

> At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the [Fed. R. Civ. P.], may order the interlocutory sale of property alleged to be forfeitable.

Rule G(7) provides that:

> (i) *Order to Sell*. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
>
>> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
>>
>> (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
>>
>> (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
>>
>> (D) the court finds other good cause.

Fed. R. Civ. P. G(7)(b)(i). The Government has the burden of proof. *United States v. Rose*, Case No. 1:21-CR-00112 JLT SKO, 2022 WL 3083582, at *1 (E.D. Cal. Aug. 3, 2022) (citing *United States v. Approximately 81,454 Cans of Baby Formula*, 560 F.3d 638, 641 (7th Cir. 2009)). "The Court is entitled to 'considerable discretion' in choosing the 'factors to consider, and what weight to give them.'" *Id*.

The Government argues that good cause exists to order the interlocutory sale of the Subject Properties. First, Honua'ula has been prevented from building a $50 million affordable housing project on the Subject Properties. ECF No. 43-1 at PageID.363. "Without an interlocutory sale, the earliest that forfeiture proceeding

4

would conclude . . . would be at the sentencing of the Defendant, which is currently scheduled for January 10, 2024." *Id*. Second, the Government claims that the Subject Properties shall diminish in value until the Honua'ula project can commence. *Id*. at 364. Third, until the forfeiture proceeding concludes, West View has been collecting rental income in the amount of $7,000 per month. Although Honua'ula is currently withholding rent, West View via Mr. Budhabhatti, could seek to enforce its lease agreement at any time." *Id*. If rent is enforced, West View and Mr. Budhabhatti would be profiting off the fraud committed. *Id*. The Government also states that Defendant has consented to the forfeiture and the interlocutory sale. *Id*. Honua'ula and the County are the only third parties who have an interest in contesting the forfeiture, but they also support the interlocutory sale of the properties. *Id*.

Based on these facts, the Court finds good cause to grant the *Motion* and order the interlocutory sale of the Subject Properties pursuant to Fed. R. Civ. P. G(7)(b)(i)(D).

It is hereby ORDERED:

1. Upon entry of this Order, the government, to include the U.S. Marshals Service ("USMS") and/or any contractors retained to assist in the execution of this Order, shall take custody, possession, and control of the Subject Properties for the purpose of conducting an inventory and preparing and marketing

5

the Subject Properties for sale. Such custody, possession and control shall be subject to the rights possessed by Honua'ula, as set forth in the Land Lease Agreement between West View Developments, LLC and Honua'ula, (the "Lease"), attached as Exhibit 1 to Honua'ula's Petition (ECF No. 22-3).

2. The government, without further order of this Court, shall sell the Subject Properties according to the processes and protocols used by the USMS when disposing of similar property subject to forfeiture.

3. All interested parties, pursuant to Rule G(7)(b)(iii) have consented to the procedures of sale set forth herein.

4. The USMS shall have full discretion to determine appropriate sale procedures and the terms of sale between it and the buyers, including but not limited to registration requirements, acceptance or rejection of bids, the completion of payment by the high bidder, and the Certificate of Title to transfer ownership. The USMS shall follow the processes it ordinarily follows when selling similar property subject to forfeiture in this district. Such sale will be subject to the rights granted to Honua'ula in the Lease.

5. The purchaser or purchasers of the Subject Properties shall take clear title free of any liens, claims, or interests which may have been applicable to, payable from, or secured by the Subject Properties except that the purchaser's interest shall be subject to any easements, restrictions, and leases of record,

including the Lease, the Affordable Housing Agreement dated December 17, 2015, and Development Agreement dated March 31, 2021.

      6.      The USMS shall pay from, and up to the limit of, the gross proceeds of sale, the following expenses in the following order:

      a.      First, to the payment of all expenses incurred in the seizure, custody, maintenance, security, and preparation of the Subject Properties for sale;

      b.      Second, to the payment of all expenses incurred in the sale of the Subject Properties, including commissions, transfer taxes, recording fees, title insurance, surveys, and similar expenses of closing along with marketing expenses and disposal fees;

      c.      Third, to the payment of any taxes assessed against the Subject Properties, to the extent they are not an obligation of the leaseholder;

      d.      Fourth, to the payment of any amounts necessary to redeem the Subject Properties from foreclosure or tax sale;

      e.      Fifth, to the payment of any expenses customarily paid by the seller in the sale of assets of that type (*e.g.* utilities, etc.); and

      f.      Sixth, to the payment of any liens attached to and secured by the Subject Properties in the order of priority.

7. The balance of the gross proceeds of sale plus any cash assets associated with or derived from the Subject Properties (*e.g.* rent[1] or forfeited deposits), after deducting the expenses from Paragraph 6 (the "Net Proceeds") shall be held by the USMS in the Department of Justice Seized Asset Deposit Fund. The Net Proceeds from the Subject Properties may be treated by the Court as substitute *res* for the Subject Properties and, if the Subject Properties are found to have been forfeitable, the substitute *res* shall be forfeited in lieu of the Subject Properties. Should any Subject Properties be found not to be forfeitable, the Net Proceeds associated with the Subject Properties will be returned to owner or distributed as otherwise ordered by the Court.

8. Any and all claims and defenses applicable to, arising from, or secured by, the Subject Properties shall, after the sale, be applied to, and payable solely from, and up to the limit of, the substitute *res*.

9. The Court shall have and retain jurisdiction over the Subject Properties to effectuate the terms of the sale and resolve any issues or disputes that may arise regarding the interlocutory sale of the Subject Properties.

//

//

---

[1] Such rent shall include the $7,000 monthly rent accruing under the Lease, which has been withheld by Honua'ula starting from April 1, 2023.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 31, 2023.

Rom A. Trader
United States Magistrate Judge

---

Cr. No. 22-00055 JAO; *United States of America vs. Alan Scott Rudo*; Findings and Recommendation to Grant Government's Motion for Interlocutory Sale of Real Property Subject to Forfeiture